UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR JOHNSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>ACTIVATE FINANCIAL, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, ARTHUR JOHNSON, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, ACTIVATE FINANCIAL, LLC (hereinafter "ACTIVATE"); and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Bronx, New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. ACTIVATE is a limited liability company chartered under Utah law.

8. Upon information and belief, ACTIVATE use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect and purchasing of debts.

9. ACTIVATE is a "Debt Collectors" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all City of New York consumers and their successors in interest (the "Class"), who were sent debt collection

letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York City consumers who were sent letters and/or notices from ACTIVATE FINANCIAL, LLC concerning a debt, owed to NCB MANAGEMENT SERVICES, INC., and which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      a.      Whether the Defendants violated various provisions of the FDCPA;

      b.      Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small

    claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Prior to May 7, 2007, Plaintiff incurred a financial obligation to Columbus Bank and Trust Company ("Columbus").

16. The Columbus obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The Columbus obligation did not arise out of a business transaction.

18. The Columbus obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Defendants are a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. On or before April 3, 2019, the Columbus obligation was purchased by NCB MANAGEMENT SERVICES, INC, ("NCB").

21. At the time the Columbus obligation was purchased by NCB, the obligation was past due.

22. At the time the Columbus obligation was purchased by NCB, the obligation was in default.

23. On or before April 3, 2019 NCB placed with and/or turned over the Columbus obligation to ACTIVATE for the purpose of collection.

24. At the time the NCB and/or turned over the Columbus obligation to ACTIVATE for the purpose of collection, said obligation was in default.

25. ACTIVATE caused to be delivered to Plaintiff a letter dated April 3, 2019, which was addressed to Plaintiff.  **Exhibit A.**

26. The April 3, 2019 letter was sent to Plaintiff in connection with the collection of the Columbus obligation.

27. The April 3, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28. Upon receipt, Plaintiff read the April 3, 2019 letter.

29. After reading the April 3, 2019 letter, Plaintiff was unsure as to the validity of the Columbus obligation.

30. After reading the April 3, 2019 letter, Plaintiff desired to dispute the validity of the Columbus obligation.

31. After reading the April 3, 2019 letter, Plaintiff intended to dispute the validity of the Columbus obligation.

32. The April 3, 2019 letter provides the following information:

PO Box 910009
San Diego, CA 92191-0009

April 03, 2019

ARTHUR JOHNSON

ACTIVATE FINANCIAL, LLC
PO Box 910009
San Diego, CA 92191-0009
855-755-5372

Original Creditor: COLUMBUS BANK AND TRUST COMPANY
Current Creditor: NCB MANAGEMENT SERVICES, INC
New Account #:
Original Account #:
Last Payment Date: 05/07/2007
Total Balance Due: $4,067.51

Dear ARTHUR JOHNSON,

ACTIVATE FINANCIAL, LLC. is now servicing the MIXED CONSUMER PRODUCT account noted above that was held by COLUMBUS BANK AND TRUST COMPANY. NCB MANAGEMENT SERVICES, INC has purchased the account and turned it over to us to collect it for them.

Unless you notify Activate Financial, LLC to the address specified above, within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, Activate Financial, LLC will assume this debt is valid. If you notify Activate Financial, LLC in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, Activate Financial, LLC will obtain verification of the debt or obtain a copy of a judgment and will mail you a copy of such judgment or verification. If you request of Activate Financial, LLC in writing within 30 days after receiving this notice Activate Financial, LLC will provide you with the name and address of the original creditor, if different from the current creditor.

For further information or to pay by phone, please call Activate Financial, LLC at 855-755-5372 Monday through Friday between 6:00am – 4:00pm (PST).

**This letter is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. This communication is from a debt collector.**

33.  More specifically, the April 3, 2019 states in part: "Unless you notify Activate Financial, LLC to *the address specified above*…." [emphasis added].

34.  Upon reading the April 3, 2019 letter, he believed that to effectively dispute the Columbus obligation, he must do so by writing to ACTIVATE at the address listed of: P.O. Box 910009, San Diego, CA 92191-0009.

## POLICIES AND PRACTICES COMPLAINED OF

35.  It is ACTIVATE's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)  Using false, deceptive or misleading representations or means in connection with the collection of a debt;

      (b)    Failing to inform the consumer what he must do to effectively dispute the debt.

36.    On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the City of New York, State of New York with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

37.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

38.    Collection letters and/or notices, such as those sent by ACTIVATE, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39.    15 U.S.C. §1692g(a)(3) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector.

40.    ACTIVATE violated 15 U.S.C. §1692g(a)(3) by sending a letter dated April 3, 2019, to Plaintiff, which failed to effectively inform Plaintiff of his right to dispute the debt.

41.    Upon reading the April 3, 2019 letter the least sophisticated consumer would be mislead to believe that in order to effectively dispute the debt he must do so by writing to ACTIVE  at P.O. Box 910009, San Diego, CA 92191-0009, when in fact there is no requirement that a dispute must be in writing and mailed to the debt collector to be effective.

42.     Pursuant to 15 U.S.C. 1692 *et seq.*, Fair Debt Collection Practices Act., there in no requirement that a dispute must be in writing to be effective.

43.     15 U.S.C. §1692e provides: 'A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

44.     Defendants violated 15 U.S.C. §1692e by stating in the April 3, 2019 letter that "Unless you notify Activate Financial, LLC to *the address specified above*…." [emphasis added]

45.     Defendants violated 15 U.S.C. §1692e by representing in the April 3, 2019 letter that notification of a dispute must be in writing and mailed to ACTIVE at at P.O. Box 910009, San Diego, CA 92191-0009.

46.     15 U.S.C. §1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

47.     ACTIVATE violated 15 U.S.C. §1692e(10) by making false representation in the April 3, 2019 letter, that notification of a dispute must be in writing and mailed to ACTIVE at at P.O. Box 910009, San Diego, CA 92191-0009.

48.     ACTIVATE violated 15 U.S.C. §1692e(10) by making false representation in the April 3, 2019 letter, that notification of a dispute must be in writing and mailed to ACTIVE at at P.O. Box 910009, San Diego, CA 92191-0009, when in fact the method of providing notification of a dispute is not limited to writing to ACTIVATE at P.O. Box 910009, San Diego, CA 92191-0009.

49.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

50.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

51. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

52. Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: April 15, 2019

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, NY 10017
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

PO Box 910009  
San Diego, CA 92191-0009

ACTIVATE FINANCIAL, LLC  
PO Box 910009  
San Diego, CA 92191-0009  
855-755-5372

April 03, 2019

**Original Creditor:** COLUMBUS BANK AND TRUST COMPANY  
**Current Creditor:** NCB MANAGEMENT SERVICES, INC  
**New Account #:** ███  
**Original Account #:** ███  
**Last Payment Date:** 05/07/2007  
**Total Balance Due:** $4,067.51

ARTHUR JOHNSON  
███

Dear ARTHUR JOHNSON,

ACTIVATE FINANCIAL, LLC is now servicing the MIXED CONSUMER PRODUCT account noted above that was held by COLUMBUS BANK AND TRUST COMPANY. NCB MANAGEMENT SERVICES, INC has purchased the account and turned it over to us to collect it for them.

**Unless you notify Activate Financial, LLC to the address specified above, within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, Activate Financial, LLC will assume this debt is valid. If you notify Activate Financial, LLC in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, Activate Financial, LLC will obtain verification of the debt or obtain a copy of a judgment and will mail you a copy of such judgment or verification. If you request of Activate Financial, LLC in writing within 30 days after receiving this notice Activate Financial, LLC will provide you with the name and address of the original creditor, if different from the current creditor.**

For further information or to pay by phone, please call Activate Financial, LLC at 855-755-5372 Monday through Friday between 6:00am – 4:00pm (PST).

**This letter is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. This communication is from a debt collector.**

To make a payment online go to: www.pay.activatefinancial.com

↓ Detach Here And Remit Lower Portion With Payment In The Enclosed Reply Envelope ↓

Make Check Payable to:  
**ACTIVATE FINANCIAL, LLC**

NEW ACCT #: ███  
TOTAL BALANCE DUE: $4,067.51

Amount Paid: _____

Home Phone: _____  
Daytime Phone: _____

ACTIVATE FINANCIAL, LLC  
DEPT #: C281  
PO BOX 509015  
SAN DIEGO, CA 92150-9015  
855-755-5372

ARTHUR JOHNSON  
███

If address has changed, please call us to update

Please refer to the back of this page for additional disclosures

**New York Residents**

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days. In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., Debt Collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass. NEW YORK CITY RESIDENTS: New York City Statute of Limitations We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice: Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired. Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again. If you would like to learn more about your legal rights and options, you can consult Department of Consumer Affairs License Number: 2022267-DCA (C.J. Shuler, President Phone: 888-418-6987).

**Statute of Limitations**

We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice: Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired. Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again. If you would like to learn more about your legal rights and options, you can consult an attorney or a legal assistance or legal aid organization