USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARTHUR JOHNSON on behalf of himself, and all others similarly situated,

                  Plaintiff,

   -against-

ACTIVATE FINANCIAL, LLC. and JOHN DOES 1-25,

                  Defendants.
-------------------------------------------------------------------X

Case No. 1:19-cv-03359 GHW

## **CONDITIONAL ORDER**

This matter comes before the Court on the joint request of Class Representative, Arthur Johnson, and a class of persons similarly situated (collectively, "Plaintiffs" or "Class Members"), on the one hand, and defendant, Activate Financial, LLC, ("Defendant"), on the other, for conditional approval of the Settlement Agreement, dated November 1, 2019. The Court has reviewed the Settlement Agreement and its attached exhibits, and, good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

    1.   <u>Definitions</u>. For the purposes of this Order, the Court adopts by reference the definitions set forth in the Definitions section and throughout the Settlement Agreement, dated November 1, 2019.

    2.   <u>Certification of a Settlement Class</u>. The Court hereby finds that, for settlement purposes only, all requirements for class certification under Federal Rule 23(b)(3) have been met in this case. This provisional certification is made without prejudice to Defendant's right to contest the appropriateness of class certification should this Settlement not be finally approved by the Court for any reason. The Settlement Class consists of:

> All consumers located in New York City, to whom Defendant sent initial letters and/or notices from April 15, 2018 through and including April 15, 2019, attempting to collect a debt owed to NCB MANAGEMENT SERVICES, INC., which stated in part:
>
> Unless you notify Activate Financial, LLC to the address specified above, within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, Activate Financial, LLC will assume this debt to be valid.

3. <u>Conditional Approval</u>. The Court conditionally approves the Settlement Agreement dated November 1, 2019 and subject to any objections that may be presented to the Court prior to the Settlement Hearing, finds that the terms and conditions of the Settlement Agreement are fair, adequate, reasonable, and in the best interests of the Class; and

4. <u>Class Notice</u>. The Court approves of the form and content of the initial Notice, in the form annexed as Exhibit 2 to the Joint Motion to the joint motion and finds that:

(a) Mailing of the Notice by regular first class mail to all Class Members at their respective addresses as derived from the Accessible Contact Information, constitutes valid, due and sufficient notice to the Class Members and their Related Parties, constitutes the best notice practicable under the circumstances and complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law; and

(b) The Parties have agreed to jointly select an unrelated third-party notice company, as the Settlement Administrator, to mail by first class mail the Notice to all Class Members at their respective addresses as derived from the

Accessible Contact Information within ten (10) days from the date of said order;

(c) No later than ten (10) days after the date upon which the Court enters the Conditional Order, the Defendant must provide the Settlement Administrator with the class list in computerized form usable without manual entry;

(d) No later than thirty (30) days after the date upon which the Court enters the Conditional Order, the Defendant must cause the Settlement Administrator to mail the Notice by first class mail to Class Members with Accessible Contact Information;

(e) Counsel shall file with the Court prior to the Fairness Hearing an affidavit or declaration (if applicable, from the Settlement Administrator) stating that the mailings have been completed in accordance with the terms of this Conditional Order.

5. <u>Fairness Hearing</u>. A Fairness Hearing will be held at the U.S. District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007, on February 20, 2020 at 4:30 p.m. at which time the Court will finally determine whether the Certification of a Class for Settlement Purposes and Settlement of the Action should be finally approved as fair, reasonable, and adequate and whether the Final Judgment and Order of Dismissal with Prejudice (the "Judgment") should be entered. The Court may adjourn or continue the Fairness Hearing without further notice to the Class.

6. <u>Exclusion from the Class</u>. Any Class Member may seek to be excluded from the Settlement. Any Class Member so excluded shall not be bound by the Settlement and shall not

be entitled to any of its benefits. To be timely, a request for exclusion must be sent in writing to the Settlement Administrator, Class Counsel and Defendant's Counsel and be post-marked no later than the Opt-Out Date by first class mail. To be effective, the request for exclusion must make clear that exclusion is sought by stating words to the effect of: I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN ARTHUR JOHNSON V. ACTIVATE FINANCIAL, LLC. The request for exclusion must contain the excluded Class Member's name, address and signature. Any Class Member who does not file a valid and timely request for exclusion will be bound by the Final Judgment and Order of Dismissal dismissing with prejudice all claims filed by the Class Members, which were alleged in the Action, and releasing all known and unknown claims which are alleged or which could have been or might have been alleged in the Action as further defined in the Release set forth in the Settlement Agreement.

    7.  <u>Objections</u>. Any Class Member who objects to the Settlement contemplated by this Agreement shall have a right to appear and be heard at the Fairness Hearing provided that such Class Member files with the Court and delivers to the Class Counsel and Defendant's Counsel a written notice of objection together with a statement of reasons for the objection. Class Counsel and Defendant's Counsel may, but need not, respond to the objections. The manner in which a notice of objection should be prepared, filed and delivered shall be stated in detail in the Notice. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing, unless the Court orders otherwise. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or award of Attorneys' Fees to Class Counsel, unless otherwise ordered

by the Court.

8. <u>Defendant's Denial of Liability</u>. The Court notes that the Defendant denies any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, the Defendant considers it desirable that the Action be dismissed and that the claims against the Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims, which have or could have been asserted against the Defendant arising from the acts, transactions or occurrences alleged in the Action.

9. <u>Effect of Settlement Agreement</u>. If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Settlement Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. This Order shall become null and void if: (i) the proposed Settlement is not finally approved by the Court; (ii) the proposed Settlement is terminated in accordance with the Agreement or does not become effective under the terms of the Agreement or for any other reason; or (iii) the Final Judgment is not entered for any reason. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties; and the Settlement Agreement shall not be used in the Action or in any other proceeding for any purpose.

10. <u>Extension of Deadlines</u>. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

11. <u>Deadline for Opt-Outs</u>. To be legally effective, all requests for exclusion described above, must be post-marked on or before February 6, 2020.

12. <u>Deadline for Objections</u>. Class Member Objections, as described in above, must be delivered to Class Counsel and Defendants' Counsel and filed with the Court on or before February 24, 2020. Objections not filed and served in a timely manner shall be deemed waived.

SO ORDERED.

Dated: November 21, 2019
New York, New York

GREGORY H. WOODS
United States District Judge